Filed 03/23/26

VERMONT SUPERIOR COURT

Chittenden Unit
175 Main Street
Burlington VT 05401
802-863-3467
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 24-CV-05450

| | |
|---|---|
| Adam Clark,<br>    Plaintiff<br><br>    v.<br><br>Vermont Construction Company, Inc.,<br>    Defendant | DECISION ON MOTION |

## RULING ON MOTION TO AMEND AND REMOVE EXEPDITED ACTION DESIGNATION

This case arises out of renovation and other construction work performed by Defendant Vermont Construction Company, Inc. on Plaintiff Adam Clark's roof and home in Essex Junction, Vermont. On December 23, 2024, Plaintiff filed his pro se Complaint designating this case as an expedited action under Rule 80.11 of the Vermont Rules of Civil Procedure. Pursuant to the procedures outlined in the rule, over the next seven months the parties conducted discovery and attended mediation, which was unsuccessful. On January 22, 2026, Plaintiff, now represented by Attorney David M. Pocius, Esq., filed the instant motion to amend the complaint and remove the expedited action designation. Defendant, who is represented by Attorney Celeste E. Laramie, Esq., opposes the motion. For the reasons discussed below, Plaintiff's motion is GRANTED IN PART and DENIED IN PART.

### Discussion

According to the Reporter's Notes, Rule 80.11 of the Vermont Rules of Civil Procedure was "designed to provide an effective, efficient, and predictable case management process for lower-value or less-complicated cases" in order "to make it economically feasible for lawyers to take on [such] cases and for litigants to be able to afford to hire lawyers," and also to provide "more efficient conduct of litigation in cases where litigants are self-represented." V.R.C.P. 80.11, Reporter's Notes. To this end, discovery is expedited and streamlined, and cases are expected to be ready for trial nine months after the last answer is filed. See V.R.C.P. 80.11(e), (f). However, the rule provides that "[a]t any time on motion of a party in an [expedited] action . . . the court, on a showing of good cause, may order that the action will no longer be so designated and will proceed as an ordinary civil action." V.R.C.P. 80.11(a)(4).

Here, as noted above, Plaintiff initially was self-represented and filed this case as an expedited action. During a status conference in February 2025, the Court made clear that by designating this case as an expedited action, Plaintiff was giving up his right to recover damages greater than $50,000, even though he had alleged such damages in his Complaint. See V.R.C.P.

80.11(a)(2)(A). Mr. Clark indicated that he understood the rule and agreed that his damages would be capped, in favor of taking advantage of the truncated discovery procedure and timeline to hopefully bring the case to a prompt resolution. In February 2025, the Court issued an ADR Scheduling Order, and in April 2025, Plaintiff's first motion to amend his complaint was granted. As grounds for the motion, Plaintiff indicated that he had "identified an additional issue concerning roofing work performed by Defendant under the same contract that forms the basis of the existing claims. Specifically, Plaintiff has learned that a portion of the roof was installed using materials not suited for the application." *See* Mot. to Am. at 1, filed 03/27/2025. However, Plaintiff still maintained the expedited action designation. Over the next several months, the discovery schedule was extended twice by agreement of the parties, and the parties attended mediation, which was unsuccessful. In September 2025, Attorney Pocius entered his appearance on behalf of Plaintiff in this matter, but the case remained designated as an expedited action. According to the current ADR Scheduling Order, this case is trial ready as of January 4, 2026.

Plaintiff asserts that he meets Rule 80.11(a)(4)'s "good cause" standard because the case is not suited for expedited action treatment, he is now represented by counsel, additional defects have been discovered which have increased his expected damages, and attempts to settle this case have not been fruitful. It is well settled that a "court must determine whether 'good cause' exists based on the particular circumstances of each case." *Cameron v. Burke*, 153 Vt. 565, 573-74, 572 A.2d 1361, 1366 (1990) (citations omitted). Based on the specific circumstances present here, the Court finds Plaintiff has failed to demonstrate good cause under Rule 80.11(a)(4).

Plaintiff argues, without much detail, that since its filing, this case has changed significantly in scope, the nature of the claims, and the calculation of damages. The Court is unpersuaded. This case continues to arise out of Defendant's alleged faulty renovation and other construction work, which would need to be proven through expert testimony, and the claims asserted in the proposed Amended Complaint are essentially identical to the existing ones. Nor is the representation that Plaintiff's damages have increased a new development, given that Plaintiff knew at the outset of the case that his damages were greater than $50,000 and that he expected to discover additional issues with Defendant's work as the case went on.[1] Moreover, the single "additional defect" Plaintiff points to in support of his claim of increased damages is not entirely new, but rather appears to be related to the grounds asserted as the basis for his first amended complaint.[2]

---

[1] The Court rejects Defendant's suggestion that Plaintiff's waiver of his right to collect such damages is irrevocable, in light of the provision in Rule 80.11(a)(4) that a party may move to remove a case from expedited action status. However, the Court's discussion with Plaintiff during the status conference shows that he was aware he was giving up the opportunity to seek any greater damages by pursuing a Rule 80.11 action.

[2] *Compare* Mot. to Am. Compl., filed 03/27/2025 ("Plaintiff has learned that a portion of the roof was installed using materials not suited for the application, in violation of the manufacturer's installation instructions.") *with* Proposed Second Am. Compl. ¶ 76 ("Additionally, Mr. Clark discovered that KMC used ferrous fasteners with aluminum flashing, which is likely to lead to corrosion and is against best construction practices.").

Without citation or discussion, Plaintiff claims that Rule 80.11(a)(4)'s "good cause" standard is "relatively low," and seeks to rely instead on Rule 15(a)'s liberal amendment standard. However, Plaintiff's attempt to bypass Rule 80.11(a)(4) in favor of Rule 15(a) is unavailing, because it is clear that the Rule 80.11(a)(4) good cause standard must be satisfied first before the Court can consider the proposed amendment under Rule 15(a). As federal courts generally agree in examining a similar procedural framework, "when a party moves to amend . . . after the deadline in a district court's scheduling order has passed, the 'good cause' standard of Rule 16(b)(4) of the Federal Rules of Civil Procedure applies. A party must meet this standard before a district court considers whether the party also meets Rule 15(a)'s more liberal standard." *Premier Comp Sols., LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020) (footnote omitted); *see also Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) ("We now join these courts in holding that despite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause."); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (per curiam) ("If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure."); *Honeybee Robotics LLC v. Ensign-Bickford Aerospace & Def. Co.*, No. 24-CV-2426 (JPO), 2026 WL 82452, at *2 (S.D.N.Y. Jan. 12, 2026) ("When a party seeks to amend pleadings after a deadline imposed by a scheduling order, Rule 15(a)'s liberal 'freely give' standard is superseded by Rule 16(b)'s requirement of good cause for modifying a scheduling order." (citations omitted)). Thus, "good cause" under Rule 80.11(a)(4) must require something more than the showing under Rule 15(a); otherwise, the provision would be superfluous. And as our Supreme Court has held in other contexts, "the good cause standard . . . requires the reason to be outside of the petitioner's power." *In re M.R.*, 2025 VT 6, ¶ 31, 331 A.3d 1120 (noting that "good cause refers to situations in which there is no fault on the movant's part") (quotations omitted); *see also Riehle v. Tudhope*, 171 Vt. 626, 627, 765 A.2d 885, 887 (2000) (under Rule 60(b)(6), a party is not entitled to "relief from an ill-advised tactical decision or from some other free, calculated, and deliberate choice of action").

Moreover, even were the Court to view Plaintiff's motion through the Rule 15(a) lens, the request comes very late in these proceedings. Taking the case off the expedited action track would be prejudicial to Defendant, who for the past year has formulated its case strategy and approach to discovery based on the expedited action designation. According to the current scheduling order, this matter was trial ready as of January 4, 2026. As Defendant notes, removing the designation would require reopening discovery, causing unnecessary delay and increased costs for both parties. The Court finds Plaintiff has failed to justify such a change of course at this late stage. *See Rudavsky v. City of S. Burlington*, No. 2:18-CV-25, 2021 WL 3909928, at *2 (D. Vt. Aug. 31, 2021) (denying motion to amend complaint as untimely where plaintiff failed to show "good cause for his failure to propose the amendment earlier in the proceedings"); *Ferrisburgh Realty Invs. v. Schumacher*, 2010 VT 6, ¶ 16, 187 Vt. 309 (trial court did not abuse its discretion by denying motion to amend complaint after case was trial ready).

In sum, the only changed circumstances the Court can discern to support the proposal to remove the expedited action designation in this case is that Plaintiff has now retained counsel and has changed his mind regarding the wisdom of litigating this matter on the expedited track.

Considering the advanced stage of the case and the potential prejudice to Defendant, this cannot be enough to demonstrate good cause under Rule 80.11(a)(4). Accordingly, Plaintiff's request to remove the expedited action designation is denied. However, given the Court's conclusion that the other proposed amendments are relatively minor and do not affect the overall status of the case, Plaintiff's motion to file a second amended complaint is otherwise granted.

<u>Order</u>

For the foregoing reasons, Plaintiff's Motion to Remove Expedited Action Designation is DENIED. Otherwise, the Motion to Amend Complaint is GRANTED. Plaintiff shall refile and serve his Second Amended Complaint consistent with the Court's ruling within 14 days of the date of this Order.

In addition, Defendant's Motion for Leave to File Sur-Reply is GRANTED.

This matter shall be scheduled for a pretrial conference and jury draw during the next cycle. Any outstanding discovery must be completed by the date of the pretrial conference.

Electronically signed on March 23, 2026 at 12:40 PM pursuant to V.R.E.F. 9(d).

Megan J. Shafritz
Superior Court Judge